24981. CITY OF HOGANSVILLE *v.* DANIEL *et al.*

DECIDED OCTOBER 18, 1935.

*Duke Davis, John H. Boman, Crenshaw & Hansell,* for plaintiff. *Lovejoy & Mayer,* for defendants.

GUERRY, J. The City of Hogansville filed its petition against the defendants, alleging that in the year 1930 there was agitation among its citizens to pave certain streets. After a discussion of the various plans by the citizens, the city council, and abutting-property owners, it was decided that these streets should be paved and the costs thereof paid, one third by the city and two thirds by the abutting-property owners, one third by the owner on each side of the street. This obligation was to be discharged in annual pay-ments over a period of years. It was then agreed that the city would issue bonds to the amount of $25,000, to pay the immediate cost of this improvement, two thirds of these bonds to be retired by the abutting-property owners. The defendants, who were owners of abutting property, were present at the meeting called to approve or disapprove of this plan, and raised no audible objection thereto and took no part therein. The City of Hogansville, its officers and agents, entertained the belief at that time that the city could en-force the collection by assessment on the abutting-property owners of their pro rata share of the cost of said improvements, and this belief continued until a decision by the Supreme Court in *Daniel* v. *Smith,* 179 *Ga.* 79 (175 S. E. 240). The bond issue was carried, the bonds were issued and sold, and the work was completed. It was stated in the public meetings and generally understood by the citizens that the method of paying off the bonds was to be as above outlined. It was further alleged, that the cost of improving the prop-erty of the defendants by the paving of the street was $6764.80; that the improvements made in the street by reason of the paving increased the value of the defendants' property $5000, and that de-fendants have been unjustly enriched at the expense of the plaintiff

to the extent of $2254.94, which in equity and good conscience they should be required to pay. They never raised any objection to the improvements being made. A general demurrer to the petition was sustained, and the plaintiff excepted.

As stated by counsel for the plaintiff, the question presented is whether or not a property owner may be made liable to a municipality for the *increased value to his property* caused by improvements made on the street on which his property abuts, where the municipality at the time of the making of the improvements mistakenly assumed that the owner was legally liable to pay his proportionate part of the improvement; the owner either sharing the same mistaken belief, or, being better informed, did not disabuse the municipality but permitted the betterments to be made. The right of action being claimed, not for the cost of the improvement, but for the increased value of the property. It seems that to ask the question is to answer it. It is insisted by counsel that the benefits were conferred by the city under a mistake, and that the same principle of justice which requires a return of money paid under a mistake requires that other benefits received under a similar mistake should likewise be restored; that in effect there was a quasi contract under an implied assumpsit. The case of *Walton* v. *Sikes,* 165 *Ga.* 422 (141 S. E. 188), is cited in support of this contention. It is true that the general principle is that wherever A has in his possession money or property which in equity and good conscience belongs to B, the law will imply an obligation to repay or return. In *McCay.* v. *Barber,* 37 *Ga.* 423, it was said: "The defendant received the money of the plaintiffs without any valuable consideration, and therefore, in conscience, is not entitled to retain it." In *Culbreath* v. *Culbreath,* 7 *Ga.* 64 (50 Am. D. 375), Judge Nisbet quoted from Lord Mansfield, as follows: "If the defendant be under *an obligation,* from the ties of *natural justice,* to refund, the law implies a *debt,* and gives this action, founded in the *equity of the plaintiff's case,* as if it were upon contract." Judge Nisbet further said: "If there is justice in the plaintiff's demand, and injustice or unconscientiousness in the defendant's withholding it, the action lies; or, to use more appropriate language, the law will compel him to pay." In the present case it is admitted that the plaintiff was not dealing with the defendants as private citizens, but as members of a class of owners of property adjacent to the street

being improved. It may have labored under the impression that the law gave to it the right to assess these owners for a proportionate part of the cost of the improvements. It can never be said, where public improvements are made by a county or municipality, and consequential benefits flow therefrom to the owners whose property adjoins the improvements, that an obligation arising from the ties of natural justice arises therefrom to pay to the municipality or county the value thereof. The property owners are members of the general public; and although special benefits may flow to them because of the improvements, there does not arise any special obligation on their part to pay therefor, except where they sue the city for consequential damages suffered by them by the construction of the improvement, in which case the city may set off the enhanced value of the property against such claim. · As was held in the injunction suit brought by these defendants against the city (*Daniel* v. *Smith*, 179 *Ga.* 79, 175 S. E. 240): "Although the charter of a city may confer upon the municipal authorities the right to pave streets in such municipality, nevertheless the municipality can not assess and collect the cost of such pavement, or any part thereof, upon the owner of abutting property, unless that power and authority, in addition to the power to pave the streets, is given expressly or by necessary implication in the charter of the city."

It will be noted that an execution on an assessment authorized by law, when issued against abutting-property owners, is not an execution in personam, but is a proceeding in rem, and only the property alleged to have been improved by reason of its abutting on such improvements can be held answerable to such execution. See *Brumby* v. *Harris*, 107 *Ga.* 257 (33 S. E. 49). There does not arise against an abutting-property owner by implication any obligation to pay for the increased value to his property by reason of such improvements. The law may create an obligation against him, so that the property improved may be made to pay a proportionate part of the cost. Equity and good conscience will not, independently of the law, raise such an obligation in favor of the city or county. If it were not so, the county might, whenever a road is paved or improved, bring an action against the property owners for consequential benefits. It has been expressly decided, in actions brought by individuals against a county or municipality, to recover for the taking or damaging of private property for public use, that the

16

county or city may not set up as against such claim any consequential benefits as against the actual value of the property alleged to be taken, and can only set up such claim as against any alleged consequential damages flowing therefrom. See *City of Atlanta* v. *Glenn*, 17 *Ga. App.* 619 (87 S. E. 910), and cit. In *Floyd* v. *Atlanta Banking Co.*, 109 *Ga.* 778, 786 (35 S. E. 172), it was held that where an abutting-property owner *signed a contract* to pay for certain improvements, although it afterwards developed that he would not be obligated under the law to pay therefor, a court of equity would not aid him in setting aside such a contract. Such a signed agreement, made in consideration of the increased value of his property caused by the paving for which the assessments were made, was binding upon him, although the assessment itself was illegal. Where there is no obligation to pay and no legal liability, and there is no express contract to pay, the law will not raise, as against a citizen and abutting-property owner, an implied obligation to pay for an incidental and consequential benefit accruing to his property because such municipality labored under a misapprehension as to the legal liability of such property owner to pay therefor. No implied assumpsit will lie under such a state of facts. A careful reading of *Walton* v. *Sikes*, supra, cited by the plaintiff, will disclose nothing contrary to the ruling here made. The court did not err in sustaining the general demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*