24466. HUMPHRIES v. GEORGIA POWER COMPANY.

FRANKUM, Justice. Upon the hearing as to whether an interlocutory injunction should be granted the trial court passed the following order: "The evidence discloses that the subject of this litigation is an aged easement which fails to describe the exact measurements. However, it appears that application and usage over the years has fixed the easement to be one hundred (100) feet wide. The defendant is restrained from going upon the lands of plaintiff except upon the width of the easement, to wit: One hundred (100) feet. The measurement shall be fifty (50) feet from the center of the easement on either side. Until further order." The plaintiff in his appeal contends that the trial court should have continued in effect the temporary ex parte restraining order which had been granted restraining the defendant "from trespassing upon the lands of the plaintiff or committing any further acts of waste." The plaintiff admitted before the trial court, as he has before this court, that the defendant has an easement across his property, and the primary question for decision related to the width of that easement. However, in his argument before this court the plaintiff-appellant makes three sub-

stantial contentions, the nature of which will appear from the rulings hereinafter made.

1. The testimony of one of the defendant's witnesses, who had worked on the defendant's electric lines as a lineman and as a foreman of a line crew, between 1916 and 1959, that during his employment with the company he had done maintenance work such as clearing the right of way along the lines; that he was familiar with the plaintiff's property and that in clearing the particular part of the right of way over the plaintiff's property and in keeping it clear "we cut 50 feet on each side from us," was not subject to the objection that it was a conclusion. This was a statement of fact and clearly distinguishable from the testimony involved in *Little v. Ga. Power Co.,* 205 Ga. 51, 54 (52 SE2d 322), relied upon by the appellant, where the witness whose testimony was there objected to, testified that the easement in question on which the defendant's line was located was 50 feet in width. The testimony of the witness in this case was properly admitted over the objection urged.

2. The testimony referred to in the preceding headnote was sufficient to authorize the trial judge in the exercise of the discretion vested in him to grant the interlocutory injunction appealed from, and to refuse to continue in effect the temporary ex parte restraining order originally entered. *Code* § 55-108.

3. Where the evidence authorized the trial judge to find upon the hearing for an interlocutory injunction that the defendant had acquired an easement to erect poles and string wires across the plaintiff's land he did not err in refusing to enjoin the defendant or its employees from entering upon the right of way so acquired for the purpose of replacing, pole for pole, existing wood poles with wood poles of greater height, attaching to the new poles 12-foot cross arms where only 10-foot cross arms had previously been used, from stringing additional wires, and from attaching heavier and larger insulators to the cross arms so as to accommodate higher voltages, it not appearing from the evidence adduced on the hearing that the proposed additional poles, wires and appurtenances will occupy a general area beyond the outer limits of the space previously occupied, or that the proposed construction will be territorially beyond the easement already acquired, or that such proposed use is anything more than a change in the

degree of use rather than in the kind of use. *Kerlin v. Southern Bell Tel. & Tel. Co.*, 191 Ga. 663 (2) (13 SE2d 790), and cits.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 13, 1968—DECIDED MARCH 7, 1968.

*Drennan & Brannon, Roy S. Drennan, John D. Humphries,* for appellant.

*Vaughn & Barksdale, C. R. Vaughn, Jr.,* for appellee.