26815.   DeKALB COUNTY et al. v. ATLANTA
GAS LIGHT COMPANY.
26816.   DeKALB COUNTY et al. v. SOUTHERN BELL
TELEPHONE & TELEGRAPH COMPANY.
26817.   DeKALB COUNTY et al. v. GEORGIA
POWER COMPANY.

MOBLEY, Presiding Justice. DeKalb County, the Chairman and Members of the Board of Commissioners of Roads and Revenues, and other officials of the county appeal from the judgments in cases brought by Atlanta Gas Light Company, Southern Bell Telephone & Telegraph Company, and Georgia Power Company, in which the trial judge declared an ordinance of the county, enacted February 9, 1971, to be null and void, and granted interlocutory injunction against the enforcement of the ordinance.

The ordinance requires all telephone, telegraph, gas, and electric companies doing business in the unincorporated area of DeKalb County, and using rights of way owned, acquired, and maintained by the county, to obtain a license for such privilege. Electric and gas companies are required to pay a percentage of non-industrial gross revenue from the sale of electricity and gas in the unincorporated area of the county, and telephone companies are required to pay sums based on the number of telephones in service in the unincorporated area. The ordinance also requires a fee of $75 and $.50 per square yard before any company shall make any cut, excavation, or tunnel in, upon, under, or across any sidewalk, roadbed, street, pavement, or right of way in the unincorporated area of the county, in addition to restoring such area to its previous condition. The ordinance provides for fine and imprisonment for any person violating it.

1. "The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power." *Richmond County*

*Business Assn. v. Richmond County,* 224 Ga. 854, 856 (165 SE2d 293). The ordinance enacted by DeKalb County does not even purport to regulate the companies affected by it, and these companies are already regulated by the Georgia Public Service Commission. The ordinance was not a licensing ordinance under the police power of the county, but was a taxing ordinance. *Richmond County v. Richmond County Business Assn.,* 225 Ga. 568 (170 SE2d 246); s.c. 228 Ga. 281 (185 SE2d 399).

2. "Each county shall be a body corporate with such powers and limitations as may be prescribed by law." Constitution, Art. XI, Sec. I, Par. I (*Code Ann.* § 2-7801). Counties can exercise only such powers as are conferred on them by law, and a county can exercise no powers except such as are expressly given or necessarily implied from express grant of other powers. *Albany Bottling Co. v. Watson,* 103 Ga. 503 (1) (30 SE 270); *Town of Decatur v. DeKalb County,* 130 Ga. 483 (61 SE 23); *Bowers v. Hanks,* 152 Ga. 659 (1) (111 SE 38); *Barton v. Hardin,* 204 Ga. 108 (1) (48 SE2d 882); *Beazley v. DeKalb County,* 210 Ga. 41 (77 SE2d 740).

3. By constitutional amendment (Ga. L. 1958, pp. 582-585) the General Assembly was authorized to empower the Board of Commissioners of Roads and Revenues of DeKalb County to levy license taxes on businesses in the unincorporated area of the county, except businesses subject to regulation by the State Public Service Commission. This amendment was implemented by Ga. L. 1959, pp. 2658-2661. DeKalb County contends that the exception in the constitutional amendment violates the Fourteenth Amendment of the United States Constitution (*Code* § 1-815). It is unnecessary to rule on this contention since DeKalb County would be in no better position if the constitutional amendment were held void, for the exception as to businesses regulated by the Public Service Commission is an integral part of the constitutional amendment authorizing the legislature to empower De-

Kalb County to assess license taxes, and the exception could not be held void without declaring the whole amendment void. "If a statute is in part valid and in part invalid, and the objectionable portion is so connected with the general scheme of the statute that it cannot be stricken out and effect given to the legislative intent, the whole statute must fall." *Wright v. Southern Bell Tel. &c. Co.,* 127 Ga. 227 (2) (56 SE 116); *Gay v. Laurens County,* 213 Ga. 518 (3) (100 SE2d 271).

4. The Act of 1963 (Ga. L. 1963, pp. 3324-3327) strikes the provision of the 1959 Act (Ga. L. 1959, pp. 2658-2661) excepting businesses regulated by the Public Service Commission from the assessment of license fees or taxes. This amendment of the 1959 Act violates the Constitution, Art. III, Sec. VII, Par. XV (*Code Ann.* § 2-1915), as the notice of intention to apply for local legislation attached to the 1963 Act states specifically the particular ways in which it amends the Acts pertaining to the DeKalb County Board of Commissioners of Roads and Revenues, but omits any reference to the deletion of the provision excepting businesses regulated by the Public Service Commission. Where the notice of intention to apply for local legislation specifically details the matters to be included in the Act, but omits a material provision of the proposed Act, the notice does not meet the requirements of the Constitution (*Code Ann.* § 2-1915). See *Brown v. Clower,* 225 Ga. 165 (166 SE2d 363), and cases cited.

5. The County of DeKalb has no constitutional or statutory authority to impose the taxes and charges contained in the ordinance under attack in these cases, either as a tax or as a "rental" of its streets and rights of way, and the trial court did not err in holding the ordinance void, and granting interlocutory injunction against its enforcement.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 9, 1971—DECIDED JANUARY 6, 1972.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.

*Hansell, Post, Brandon & Dorsey, Albert G. Norman, Sr., Carroll L. Wagner, Jr., M. H. Blackshear, Jr.,* for Atlanta Gas Light Co.

*Weekes & Candler, Murphey Candler, Jr., Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Harry S. Baxter, Albert C. Tate, Jr., A. Stephens Clay,* for Southern Bell.

*Troutman, Sanders, Lockerman & Ashmore, Milton A. Carlton, Jr., Piers J. Weyant,* for Georgia Power.