27547. DEKALB COUNTY et al. v. ATLANTA GAS LIGHT COMPANY.
27548. DEKALB COUNTY et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.
27549. DEKALB COUNTY et al. v. GEORGIA POWER COMPANY.

SUBMITTED NOVEMBER 14, 1972 — DECIDED JANUARY 4,
1973 — REHEARING DENIED JANUARY 22, 1973.

*George P. Dillard, Herbert O. Edwards, Robert E.
Mozley,* for appellants.

*Hansell, Post, Brandon & Dorsey, Albert G. Norman,
Jr., Carroll L. Wagner, Jr., Swertfeger, Scott, Pike &
Simmons, M. Hardeman Blackshear,* for Atlanta Gas
Light Co.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein,
Harry S. Baxter, A. Stephen Clay, Weekes, Candler & Sams,
Gary M. Sams, J. Rodgers Lunsford, III,* for Southern
Bell.

*Troutman, Sanders, Lockerman & Ashmore, Milton A.
Carlton, Jr., Robert F. Cook,* for Georgia Power.

GRICE, Presiding Justice. This is the second appearance
of this case before this court. In *DeKalb County v. Atlanta
Gas Light Co.,* 228 Ga. 512 (186 SE2d 732), and related
cases, we affirmed an order of the Superior Court of
DeKalb County, which declared an ordinance enacted by
that county attempting to impose a license tax or charge
against the appellees to be null and void, and granted an
interlocutory injunction against its enforcement.

Upon return to the trial court, with the same facts
before it, an order was entered on July 31, 1972, granting
the appellees' motion for summary judgment, dismissing
a counterclaim of the county, and permanently enjoining
the county from enforcing the ordinance in question.

In the previous appearance of this case we held that
"The County of DeKalb has no constitutional or statutory
authority to impose the taxes and charges contained in
the ordinance under attack in these cases, either as a tax
or as a 'rental' of its streets and rights of way . . ." *DeKalb*

*County v. Atlanta Gas Light Co.,* 228 Ga. 512, 514, supra.

Nevertheless, the county in the present appeal insists that it is entitled to recover such charges on a quantum meruit basis. This argument is without merit.

DeKalb County has no statutory authority to impose such charges and there is no express contract between the parties providing for such payment. Therefore, there is no legal obligation on the part of the appellees to pay under a quantum meruit or quasi contract theory. See *City of Hogansville v. Daniel,* 52 Ga. App. 12 (1) (182 SE 78).

All the other issues raised by the county in this appeal were resolved adversely to it in its previous appearance before this court.

*Judgments affirmed. All the Justices concur.*