## 30317, 30336. CITY OF DORAVILLE v. TURNER COMMUNICATIONS CORPORATION; and vice versa.

GUNTER, Justice.

These two cases, an appeal and cross appeal, result from the maintenance of an outdoor advertising sign that is admittedly located and maintained in violation of a municipal ordinance. The issues relate to the validity or invalidity of the ordinance.

The city ordered Turner to remove the sign; Turner refused to remove it; and Turner brought an action against the city to enjoin it from removing the sign or taking any action that would interfere with Turner's maintenance of the sign at its location. The trial judge, after a hearing, entered a judgment that temporarily enjoined the city from removing the sign or taking any action to interfere with Turner's maintenance of the sign. The city appealed, and Turner, being dissatisfied with certain rulings contained in the trial court's judgment, cross appealed.

On January 4, 1971, the city enacted Ordinance No. 153 entitled "An Ordinance Regulating Signs and Billboards." This ordinance provided that outdoor advertising signs could not be closer than 500 feet to an expressway right-of-way line, and this same distance limitation had been in a predecessor ordinance since February 7, 1966.

The sign in question was acquired by Turner after January 4, 1971, from Al Burke Advertising Agency. Burke had originally acquired a permit from the city for

the erection and maintenance of the sign in 1965, and the permit issued by the city was valid for a two-year period and renewable at the option of the city. In January of 1971, Turner was given permission by the city clerk of Doraville to acquire and rework the sign owned and maintained by Burke. However, the trial judge found as a fact that "at no time was permission given to erect a new sign." The trial judge also found as a fact that "in mid-October, 1971, Turner Advertising Company reworked the sign, but an entirely new sign was erected." In March of 1972 the city commission determined that the sign violated Ordinance No. 153 and ordered that notice be given Turner to remove the sign after a two-year period. Notice was then given to Turner that the sign would have to be removed on or before March 20, 1974. Turner refused to remove the sign without being compensated for it by the city; Turner was notified by the city on August 30, 1974 that Turner had until September 5, 1974 to remove the sign, and that if not removed by that date, city personnel would remove it; and Turner then filed the action for injunction against the city.

The trial judge's pertinent conclusions of law were: (a) that the sign, though a new structure, was not materially different, either in size or position, from the sign acquired by Turner from Burke; (b) Ordinance No. 153 was validly enacted; (c) the sign was located, erected and maintained in compliance with applicable state law and local ordinances; (d) the city cannot require the removal of the sign without the payment of just and adequate compensation; (e) the two-year removal provision in Ordinance No. 153 is unconstitutional and void; and (f) to preserve the status quo, pending a final determination of the case, the court would grant a temporary injunction in favor of Turner.

I. The City's Appeal

The city argues that the trial court, after concluding that Ordinance No. 153 was validly enacted, erred in concluding that the sign was located, erected, and maintained in compliance with that ordinance, and also erred in enjoining the city from requiring the removal of or removing the sign.

The trial judge found as a fact that the sign was

located and maintained within 500 feet of an expressway right-of-way line, but he also concluded, as a matter of law, that the sign was located and maintained in compliance with the ordinance. This conclusion of law was erroneous, because the ordinance expressly prohibits the location and maintenance of an outdoor advertising sign within 500 feet of an expressway right-of-way line.

The trial judge concluded that Ordinance No. 153 was validly enacted, and we agree with this conclusion. Under its police power authority, a municipality can enact and enforce reasonable regulations governing the erection and maintenance of signs within its jurisdiction. Turner's contention that Ordinance No. 153 is in fact a zoning ordinance, and that its enactment was procedurally defective, is without merit.

The original permit for the erection of the sign in 1965 shows that the permit was to extend for a two-year period, renewable only at the option of the city. Therefore, under the circumstances shown here, the two-year amortization period contained in the ordinance enacted in 1966 and that contained in Ordinance No. 153, enacted in 1971 as successor to the 1966 ordinance, was not unconstitutional and void. Also, the trial court's conclusion that the city could not require removal of the sign after having given two years' notice without paying just and adequate compensation for the sign was erroneous. Here, the original permit for the sign was for only two years, and both Burke and Turner were thereafter put on notice by ordinances duly enacted of the two-year amortization period.

We conclude, under the facts appearing in this record, that the city had a legal right to require the removal of the sign on or before September 5, 1974; and the issuance of a temporary injunction against the city was erroneous.

## II. Turner's Cross Appeal

Turner argues that the trial court should have dismissed the city's answer to the complaint for lack of verification. The trial judge ruled that the answer was properly verified, and this ruling was correct.

Turner argues that Ordinance No. 153 was not validly enacted, contending that it was in fact a zoning

ordinance, and that the statutory procedures for the enactment of a zoning ordinance were not complied with. The trial judge ruled against this contention, and, our having ruled on this issue in the preceding division of this opinion, the trial court's ruling was correct.

Turner's other enumerated error contends that the trial court "erred in ruling that (the City) is not pre-empted by the laws of the State of Georgia from regulating signs located on federal Interstate Highways to the extent that such regulations require the removal of outdoor advertising signs without payment of just compensation."

This contention is wholly without merit. State law has not pre-empted the police power authority of municipalities to regulate the location and maintenance of outdoor advertising signs within their territorial jurisdictions. Furthermore, there can be no "taking" of property in this case, because the original sign permit, the equivalent of a license issued by the city, was for a two-year period, and since 1966, both Burke and Turner were placed on notice of the two-year amortization provision contained in ordinances duly enacted by the city. Also, the Code of Public Transportation does not restrict the valid exercise of police power by municipalities with respect to advertising signs within their territorial jurisdiction. Art. IV of Chapter 9 of the Code of Public Transportation relates to the control of outdoor advertising. Code Ann. § 95A-932 provides: "Nothing in this Article shall be construed to abrogate or affect the provisions of any lawful ordinance, regulation, or resolution, which is more restrictive than the provisions of this Article."

All of the issues raised in the cross appeal are without merit.

### Conclusion

The trial court committed error in temporarily enjoining the city from removing or requiring the removal of the sign in question. The judgment in Number 30317, the main appeal, must be reversed.

The trial court correctly ruled on all issues raised in the cross appeal, and the judgment in Number 30336 must be affirmed.

*Judgment on the main appeal reversed; judgment on the cross appeal affirmed. All the Justices concur.*

ARGUED OCTOBER 7, 1975 — DECIDED FEBRUARY 11, 1976 — REHEARING DENIED MARCH 2, 1976.

*Gerstein, Carter & Chesnut, James C. Watkins,* for appellant.

*Arthur K. Bolton,* Attorney General, *Roland F. Matson,* Assistant Attorney General, amicus curiae.

*Schruder, Wheeler & Flint, David H. Flint, Warren O. Wheeler,* for appellee.