## 34655. FAULKNER et al. v. GEORGIA POWER COMPANY.

MARSHALL, Justice.

This is the second appearance of this case in this court. See *Faulkner v. Ga. Power Co.*, 241 Ga. 618 (247 SE2d 80) (1978). The appellants, residents of Redding Road in DeKalb County, sued Georgia Power Company to enjoin the construction and electrification of a high-voltage transmission line within the right-of-way of Redding Road, and for a declaratory judgment that the proposed line is an additional servitude and is thus a taking of their property insofar as they own the underlying fee in Redding Road. Upon this basis, they sought damages for inverse condemnation, nuisance and trespass.

We dismissed the previous interlocutory appeal from the dissolution of the temporary restraining order and the denial of preliminary injunctive relief as moot, on the ground that no injunction pending appeal had been sought, the act sought to be restrained had been completed during the pendency of the appeal, and equity would not require the defendant temporarily to undo what had been legitimately done. *Faulkner,* supra.

Thereafter, the appellants amended their complaint so as to pray additionally for mandatory injunction, ejectment and mesne profits. The trial judge granted Georgia Power Company's motion for summary judgment on the issue of additional servitude. We affirm.

It is undisputed that the 230,000-volt transmission line in question was built along and within the public right-of-way of Redding Road, and along and over an existing 20,000-volt distribution line, which facilities were transferred to the new poles where practicable. Thus, the only issue presented is that raised by the motion for summary judgment, viz., whether the new high-voltage line is an additional servitude on the underlying fee.

The appellants contend that the easement for the right-of-way of Redding Road is impliedly limited to the sole benefit of the abutting landowners, and that the new transmission line was for the benefit of Georgia Power

Company and other, distant customers, as contrasted with the preexisting distribution line for Redding Road residents. The cases cited as authority for this proposition, such as *Donalson v. Ga. Power &c. Co.,* 175 Ga. 462 (165 SE 440) (1932) and *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962) (1918), are inapposite. The easements there involved had been expressly limited in the instruments granting the easements, which was not the situation here. "A given street may be a greater necessity to those people residing in the immediate vicinity, but it could not be limited to their uses, because the limitation would at once destroy the public feature of the way, and it would cease to be a public street. For the same reason it could not be restricted to use for the purpose of pleasure or business or any necessity. The nature of the right demands that it be open for all purposes." *Atlanta & W. P. R. Co. v. Atlanta, B. & A. R. Co.,* 125 Ga. 529, 546 (54 SE 736) (1906).

The same rationale behind the use of streets, above, applies to the specific, individual uses of streets, including utilities. See generally *MARTA v. Datry,* 235 Ga. 568 (I, II) (220 SE2d 905) (1975) and cits. "A dedication of land to the public use as a street not only embraces all of the customary uses to which streets are devoted at the time of the dedication, but will expand to take in all new uses that become customary as civilization advances." *City of Albany v. Lippitt,* 191 Ga. 756, 763 (13 SE2d 807) (1941). Indeed, this court has specifically held that the installation of additional telephone wires ( *Kerlin v. Southern Bell Tel. &c. Co.,* 191 Ga. 663 (3) (13 SE2d 790) (1941)) and facilities to accommodate higher voltage electric lines (*Humphries v. Ga. Power Co.,* 224 Ga. 128 (3) (160 SE2d 351) (1968)) amounted to a change in the degree of use rather than in the kind of use, so as not to violate the existing easement.

There was no showing that the new line in the present case constitutes an exclusive use in that it excludes other permissible, general, public uses to which the road could be put. See *Atlanta & W. P. R. Co. v. Atlanta, B. & A. R. Co.,* 125 Ga. 529, supra, pp. 546-548; *MARTA v. Datry,* 235 Ga. 568, supra, p. 578. Furthermore, if the line should ever be found to exclude any uses contemplated for the road in the future, the

county has the authority to require relocation of the line at the expense of appellee Georgia Power Company.

Accordingly, the trial court properly granted the summary judgment on the issue of additional servitude.

*Judgment affirmed. All the Justices concur, except Bowles, J., who is disqualified.*

ARGUED MARCH 13, 1979 — DECIDED MAY 8, 1979 — REHEARING DENIED MAY 29, 1979.

*Hylton B. Dupree, Jr.,* for appellants.

*Swertfeger & Scott, L. Jack Swertfeger, Jr., Jack H. Thrasher,* for appellee.