35879. THOMAS et al. v. CITY OF MARIETTA et al.

UNDERCOFLER, Presiding Justice.

Appellants here challenge the constitutionality of two sections of the Marietta Sign Ordinance restricting the use of portable display signs.[1] One of the challenged sections sets out the conditions under which such a sign may be used. Marietta Sign Ordinance, Art. V, par. 9: "Portable display signs are to be permitted only in the following conditions: a. Opening or closing of a business, not to exceed thirty (30) days. b. Special sale promotional event, or change of ownership or management, not to exceed twice in any twelve (12) month period, for a maximum of fifteen (15) days. c. Civic, public, charitable, educational or religious events for a maximum of fifteen (15) days, not to exceed twice in any twelve (12) month period. d. For traffic direction during road construction or emergency situations. e. For political campaigns, for a maximum of thirty (30) days before any election. 9.1. Portable display signs are to be removed from the permitted premises within three (3) days of end of the

_____

[1]"Portable Display Sign: A mobile/temporary, electrical or non-electrical sign that is mounted on a trailer type frame with wheels or skids or portable wood or metal frame and not permanently attached to the ground." Sign Ordinance No. 3315, Art. II, par. 30, as amended.

event or expiration of permit, whichever comes first."

The other challenged ordinance relates to the permit requirements. Marietta Sign Ordinance, Art. VI, par. 7(b): "A permit shall not be valid for longer than a period of one hundred twenty (120) consecutive days after which time the portable display shall be removed from the building setback lines of [sic][2] the premises. A permit cannot be renewed nor can a permit be obtained for the same premises within a period of thirty (30) days after the removal of a portable display from the building setback area or the premises." (Footnote added.)

Appellants claim that these sections amount to an abuse of the police power of the City of Marietta, deprive them of their property without just compensation without due process of law, deny them freedom of speech, and constitute an impairment of contracts. The trial court upheld the constitutionality of the ordinance. We affirm.

1. In *City of Doraville v. Turner Communications Corp.,* 236 Ga. 385 (223 SE2d 798) (1976), we held that a municipality may validly regulate the erection and maintenance of signs. The validity of a particular sign ordinance, however, depends on the reasonableness of its purpose, operation and effect. The general purposes of the ordinance are spelled out in Article I: "The purpose of this Ordinance is to provide standards to safeguard life, public health, property and welfare by regulating the location, size, illumination, erection, maintenance and quality of materials of all signs, and all signs and outdoor advertising structures." Appellants argue that this is an attempt to regulate aesthetics through the police power. We disagree.

Although aesthetics are an important incidental effect of regulations, Berman v. Parker, 348 U. S. 26 (1954), aesthetics, being merely a question of subjective taste, would not alone be enough to support the legislation here under the police power. See *City of Smyrna v. Parks,* 240 Ga. 699 (242 SE2d 73) (1978). This ordinance, however, is clearly reasonably meant to regulate signs

---

[2]Although the Ordinance in the record says "of," we think "or" must have been intended.

which are, in their very nature, temporary. See definition in footnote 1, supra. The regulations are designed to prevent the use of these temporary signs where a permanent one would be more conducive to the safety and welfare of the public. We do not find these ordinances arbitrary or discriminatory.

2. Having held that the regulation of these temporary signs is reasonable and within the police power, and noting that, although their use is restricted, it is not prohibited, it follows that there is no merit to appellants' due process, inverse condemnation, freedom of speech, or impairment of contracts claims. Linmark Assoc., Inc. v. Township of Willingboro, 431 U. S. 85 (1977), is distinguishable for this reason.

*Judgment affirmed. All the Justices concur, except Marshall, J., who dissents.*

SUBMITTED JANUARY 25, 1980 — DECIDED
FEBRUARY 26, 1980 —
REHEARING DENIED MARCH 18, 1980.

*Charles W. Field, William N. Robinson,* for appellants.

*Roy E. Barnes,* for appellees.