37934. H & H OPERATIONS, INC. v. CITY OF PEACHTREE CITY.

HILL, Presiding Justice.

This appeal raises the question of whether that part of the City of Peachtree City's sign ordinance which prohibits a business from posting prices on its sign is valid.

Plaintiff-appellant, which operates a self-service gasoline station within the limits of Peachtree City, filed suit after the City denied its application to post gasoline prices on its sign. The denial of plaintiff's application was based on the City's comprehensive sign ordinance which provides in pertinent part that "Each individual

---

commercial business site shall be entitled to display one free-standing and one wall sign per site entry (provided entries are not closer than 250 ft.). . . . These signs shall contain only the name of the person, business or activity occupying such premises, the standard business category of products and services available on such premises if not included in the name itself, or a registered logo or trademark which identifies the activity."

The trial court found that "The ordinance is clearly an attempt to exercise the city's police powers based solely on aesthetics," and denied relief, holding that "a municipal corporation may legally and constitutionally exercise its police powers based on aesthetics alone, and that the ordinance of the Defendant city is lawfully binding."

1. Under its police power, a municipality can enact and enforce reasonable regulations governing the erection and maintenance of signs within its jurisdiction. St. Louis Poster Advertising Co. v. St. Louis, 249 U. S. 269 (39 SC 274, 63 LE 599) (1919); *City of Doraville v. Turner Communications Corp.,* 236 Ga. 385, 387 (223 SE2d 798) (1976); *City of Smyrna v. Parks,* 240 Ga 699 (242 SE2d 73) (1978); Code Ann. § 69-1207. The police power authorizes cities to enact ordinances to protect the health, morals, safety and general welfare of the public. 5 EGL Const. Law § 103 (1977). The early cases dealt with billboard ordinances based primarily upon safety. More recent cases recognize that legislation based on aesthetics is within the public welfare aspect of the police power. "The concept of the public welfare is broad and inclusive. [Cit.] The values it represents are spiritual as well as physical, aesthetic as well as monetary. It is within the power of the legislature to determine that the community should be beautiful as well as healthy, spacious as well as clean, well-balanced as well as carefully patrolled." Berman v. Parker, 348 U. S. 26, 33 (75 SC 98, 99 LE 27) (1954) (citation omitted). See also Penn Central Transp. Co. v. City of New York, 438 U. S. 104, 132 (98 SC 2646, 57 LE2d 631) (1978). As we said in *City of Smyrna v. Parks,* supra, 240 Ga. at 705, a case involving a chain link fence ordinance: "Even if the ground of safety is deemed a tenuous one, however, the ordinance would not be an unwarranted exercise of police power based on aesthetics alone, provided there is a reasonable relationship between the regulation and the legitimate purposes of regulations, as enunciated by the legislature." But see *Thomas v. City of Marietta,* 245 Ga. 485, 486 (265 SE2d 775) (1980), where we upheld a portable sign ordinance on safety and welfare grounds.

We now hold that municipalities may enact and enforce reasonable sign ordinances under the general public welfare aspect of its police power, specifically aesthetics. Implicit in this holding is the subsidiary holding that such ordinances do not constitute a

prohibited "taking" of property. *City of Smyrna v. Parks,* supra. Nor do we find the prohibition on posting prices to be unreasonable, arbitrary or discriminatory as an exercise of the police power because the city council is better qualified than the courts to determine the necessity, character and degree of regulation required by local conditions. *City of Smyrna v. Parks,* supra, 240 Ga. at 702, 704.

2. However, our inquiry does not end with the police power because, as suggested above, although the early cases dealt with the police power, the most recent case, decided after the trial court's decision, applies the first amendment's freedom of speech clause to billboards. Metromedia, Inc. v. City of San Diego, —— U. S. —— (101 SC ——, 69 LE2d 800) (1981). In Metromedia, the Court adopted the four-part test of Central Hudson Gas &c. Corp. v. Public Service Comm., 447 U. S. 557 (100 SC 2343, 65 LE2d 341) (1980), and applied it to billboards: "(1) The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no farther than necessary to accomplish the given objective." Metromedia, Inc. v. City of San Diego, supra, 69 LE2d 815.

Unquestionably the plaintiff is entitled to the first amendment protection of commercial speech and the posting of prices of gasoline sold on the plaintiff's premises concerns a lawful activity as to which no claim is made that such prices would be misleading. But this ordinance fails at step 2 because the city has offered no substantial governmental interest other than aesthetics for permitting signs containing the name of the business and the category of products available on the premises, yet prohibiting the posting of the prices of those products.

In Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, 425 U. S. 748 (96 SC 1817, 48 LE2d 346) (1976), Virginia's prohibition on advertising prices of prescription drugs was held to violate the first amendment. In Bates v. State Bar of Arizona, 433 U. S. 350 (97 SC 2691, 53 LE2d 810) (1977), Arizona's prohibition on advertising the prices of routine legal services was invalidated. Those prohibitions applied to all types of advertising (newspapers, radio, etc.), but in Linmark Associates, Inc. v. Willingboro, 431 U. S. 85 (97 SC 1614, 52 LE2d 155) (1977), the Court invalidated a sign ordinance which prohibited the posting of "For Sale" signs on real estate notwithstanding the fact that real estate offered for sale could be advertised in newspapers or listed with real estate agents. The Court found the alternative means of communication more expensive and less likely to reach persons seeking the information as well as less

likely to reach persons not seeking the information. 431 U. S. at 93. We conclude that the alternative means of communicating gasoline prices available to plaintiff suffer from these same defects. People v. Mobil Oil Corp., 48 NY2d 192 (397 NE2d 724, 729-30) (1979).

We find no substantial governmental interest in permitting commercial signs yet prohibiting the posting of prices. Numbers (prices) are not aesthetically inferior to letters of the alphabet forming words (name of the business and products available). As stated by the Court in the San Diego case, supra (69 LE2d 816): "Such esthetic judgments are necessarily subjective, defying objective evaluation, and for that reason must be carefully scrutinized to determine if they are only a public rationalization of an impermissible purpose." On the other hand: "Advertising, however tasteless and excessive it sometimes may seem, is nonetheless dissemination of information as to who is producing and selling what product, for what reason, and at what price. So long as we preserve a predominantly free enterprise economy, the allocation of our resources in large measure will be made through numerous private economic decisions. It is a matter of public interest that those decisions, in the aggregate, be intelligent and well informed. To this end, the free flow of commercial information is indispensable." Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, supra, 425 U. S. at 765. The city nevertheless suggests that the posting of prices is particularly unappealing to the eye during price wars, which proves the adage that "Beauty is in the eye of the beholder." Applying the careful scrutiny test of Metromedia v. San Diego, supra, in search of a substantial governmental interest, we are unable to discern it. Plaintiff is constitutionally entitled to post its gas prices on the sign with its name.

*Judgment reversed. All the Justices concur, except Jordan, C. J., who dissents.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 18, 1981.

*James E. Sherrill,* for appellant.
*Asa Mitchell Powell, Jr.,* for appellee.