38585. DeKALB COUNTY et al. v. GEORGIA POWER COMPANY.

JORDAN, Chief Justice.

DeKalb County appeals from entry of mandamus absolute compelling issuance to Georgia Power Company of a permit for construction of a 230,000 volt power transmission line along and within the right-of-way of Ashford-Dunwoody Road in unincorporated DeKalb County. We affirm for the reasons stated in this opinion.

Associations of nearby homeowners appeared in this court as amici curiae in support of the decision of the DeKalb County Commissioners denying the permit and thereby requiring either underground construction or rerouting of the line.

An identical 230,000 volt power transmission line is in service along another stretch of Ashford-Dunwoody Road.

Although the briefs of the parties allude to considerations of public safety, health and welfare, it is apparent from the record that the county does not contest the power company's compliance with all

technical requirements imposed by the county's engineers and by the Georgia Department of Transportation. One of the underlying causes of the dispute appears to be the desire of the county to collect from the power company the same franchise fees for the power company's use of county road rights-of-way lying outside unincorporated areas as municipalities are permitted to collect within municipal boundaries.

Applications for permits to construct power lines within road rights-of-way routinely are processed by and between the technical staffs of the power company and the county without intervention of the county board of commissioners. None heretofore has been denied. In this instance, alone, the matter came on to be heard by the commissioners.

1. DeKalb County is not entitled to extract from the power company a tax, franchise fee, rental fee, or other charge (however designated) in return for permission to use the county's road rights-of-way outside of municipalities for the erection, maintenance and use of power transmission lines. We reaffirm what we have said on this subject twice before. *DeKalb County v. Atlanta Gas Light Co.,* 230 Ga. 65 (195 SE2d 427) (1973); *DeKalb County v. Atlanta Gas Light Co.,* 228 Ga. 512 (186 SE2d 732) (1972). We also reject the county's contention that the power to collect such moneys arises by implication from the home rule provisions of the constitution, from state law, as a necessary consequence of the general police powers of the county, or from its franchise agreement with the power company. Code Ann. §§ 2-5901, 95A-402 (f); *DeKalb County v. Brown Builders Co.,* 227 Ga. 777 (183 SE2d 367) (1971). The trial court did not err by enjoining collection of the sums sought by the county.

2. Assuming, without deciding, that the county commissioners have standing to challenge on federal due process and equal protection grounds those provisions of state law allowing municipalities, but not counties, to charge public utilities for the construction, maintenance and use of power transmission lines within road rights-of way (*Richmond County v. Pierce,* 234 Ga. 274, 278 (4) (215 SE2d 665) (1975); *Steward v. Davidson,* 218 Ga. 760, 764 (130 SE2d 822) (1963)) we find no violation of either of those federal constitutional precepts. *Blackmon v. Monroe,* 233 Ga. 656, 659 (212 SE2d 827) (1975).

3. The county contends that it was denied an opportunity to prove to a jury that the proposed power transmission line may become unsafe in some unspecified manner, and may lower surrounding property values, whereas an underground line, along Ashford-Dunwoody Road, or an overhead line located elsewhere, would not have those results. The trial court regarded proof of those

facts as being immaterial to the question of whether mandamus should issue, but gave the county an ample opportunity to fill out, for appeal purposes, its proof by testimony in open court or affidavits, or to make a tender of proof. We agree with the trial court for the reasons hereafter stated that neither consideration properly should have been within the contemplation of the county commissioners in deciding whether or not to issue the permit.[1]

The transcript establishes without contradiction that construction of the power line in accordance with the plans submitted to and approved by the engineering staffs of the county and the State Department of Transportation will meet all current technical requirements and criteria.

The record shows that construction of the power line at the contemplated location will not interfere with present or planned uses of Ashford-Dunwoody Road.

The county may require the power company to move the power line to accommodate future widening of Ashford-Dunwoody Road, but may not deny the power company a permit to locate the power line within the right-of-way of that road because of speculation that Ashford-Dunwoody Road may be widened at some unspecified and unknown time in the future. *Craven v. Ga. Power Co.,* 248 Ga. 79 (281 SE2d 568) (1981); *Faulkner v. Ga. Power Co.,* 243 Ga. 649, 650-51 (256 SE2d 339) (1979); *Evans v. Just Open Government,* 242 Ga. 834, 840) (251 SE2d 546) (1979); *Ga. R. &c. Co. v. City of Atlanta,* supra, 154 Ga. at 744-46.

Adjoining landowners do not have a right of action against the power company for inverse condemnation as a result of the construction of a high voltage power transmission line serving the general public and constructed along and within the road right-of-way fronting their properties. *Faulkner v. Ga. Power Co.,* supra. By use of its power to grant or deny permits for power line construction the county cannot indirectly secure in behalf of abutting and nearby property owners private rights to stop a public project which they, themselves, could not assert. *Evans v. Just Open Government,* supra, 242 Ga. at 839 (5).

4. The question of whether the county could adopt, within limits permitted by the constitution and general laws of the state, a

---

[1] The county unquestionably has the power to permit (and, hence, not to permit) the construction of high voltage transmission lines along and within the rights-of-way of county roads lying outside municipalities, but this generality merely begs, rather than answers, the question of whether the county's action was proper in the present case. Code Ann. § 95A-402 (f); *Ga. R. &c. Co. v. City of Atlanta,* 154 Ga. 731 (115 SE 263) (1922).

valid aesthetic zoning ordinance relating to the construction of power lines along road rights-of-way is not presented to us in the present appeal.[2] The county adopted, long after the hearing and immediately before judgment, an ordinance the necessary consequence of which would be to bar construction of the power line at issue in this case, but did so as an afterthought after denial of the permit and during pendency of this action. The trial court declined to rule on the validity of this ordinance. We will not issue an advisory opinion regarding the validity of that ordinance, as requested by the county, but will limit our rulings to the case or controversy decided by the trial court. *Smith v. Bruce,* 241 Ga. 133, 149 (15) (244 SE2d 559) (1978); *St. John's Melkite Catholic Church v. Commissioner of Revenue,* 240 Ga. 733, 735 (3) (242 SE2d 108) (1978); *McDowell v. Judges Ex Officio,* 235 Ga. 364 (219 SE2d 713) (1975).

5. The county and the amici curiae insist that the case should be remanded to the superior court with directions that it be remanded to the county commission for further consideration in accordance with the mandate of this court. We follow this procedure in rezoning cases. *DeKalb County v. Flynn,* 243 Ga. 679 (256 SE2d 362) (1979). However, in the present case the power company is entitled to issuance of mandamus absolute because the transcript establishes that no valid reason existed for denial of the permit. *Hadden v. Pierce,* 212 Ga. 45 (90 SE2d 405) (1955); *Wofford Oil Co. v. City of Calhoun,* 183 Ga. 511 (3) (189 SE 5) (1936). No issues remained for consideration by the commission; hence, the trial court properly kept the case and entered mandamus absolute requiring issuance of the permit. *Barnes v. Austin,* 231 Ga. 29, 31 (199 SE2d 906) (1973); *Hadden v. Pierce,* supra; *Ga. R. &c. Co. v. City of Atlanta,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1982—
REHEARING DENIED JULY 21, 1982.

*George P. Dillard, Gail C. Flake,* for appellants.
*G. Conley Ingram, Jay D. Bennett,* amici curiae.
*Jack Thrasher, L. Jack Swertfeger, Jr., Troutman, Sanders, Lockerman & Ashmore, Robert P. Edwards, Jr.,* for appellee.

---

[2] See Code Ann. § 95A-402 (f) (j) regarding limitations upon the county's power to regulate the power company by *permit, regulation or ordinance.* See, also, *H & H Operations, Inc. v. City of Peachtree City,* 248 Ga. 500 (283 SE2d 867) (1981).