S02A1747. BARNHILL v. STATE OF GEORGIA et al.
(575 SE2d 460)

THOMPSON, Justice.

Is OCGA § 40-5-25 (d) unconstitutional because it provides that driver's license applicants who are willing to be organ donors are to be charged a reduced fee? The answer is "no."

Brett C. Barnhill applied for a Class C driver's license. Because he declined to identify himself as an organ donor, Barnhill paid the standard $15 license fee. Thereafter, Barnhill brought suit seeking a declaration that OCGA § 40-5-25 (d),[1] which provides that applicants

---

[*] *Bartlett v. Caldwell,* 265 Ga. 52 (452 SE2d 744) (1995), quoting *Scanlon v. State Bar of Ga.,* 264 Ga. 251, 253 (443 SE2d 830) (1994).

[1] Subsection (d) reads as follows:

(1) The General Assembly finds that it is in the best interest of the state to encourage improved public education and awareness regarding anatomical gifts of human organs and tissues and to address the ever increasing need for donations of anatomical gifts for the benefit of the citizens of Georgia.

(2) Notwithstanding the provisions of paragraph (2) or (3) of subsection (a) of this Code section, each applicant for the issuance, reissuance, or renewal of a Class

for a Class C license pay a reduced fee (not to exceed $8) if they desire to be organ donors, is unconstitutional because it violates substantive due process and equal protection. The superior court upheld the statute and Barnhill appealed. We find no constitutional debility and affirm.

1. *Substantive due process.* Barnhill asserts that he has a fundamental right not to be an organ donor; that, therefore, OCGA § 40-5-25 (d) is subject to a strict scrutiny test; and that the statute cannot pass such a test because it is not narrowly tailored to meet its objectives.[2] We cannot accept this assertion because the premise — that this case involves a fundamental right — is unfounded.

At the outset, we recognize that the right of privacy is a fundamental right,[3] and that whether a person donates his or her organs at the time of death is a choice veiled in the right of privacy.[4] But that is not to say that the right to privacy is implicated in this case. OCGA § 40-5-25 (d) does not force a driver's license applicant to be an organ donor against his or her wishes. It does not compel organ donation, but merely asks a driver's license applicant if he or she wishes to make an anatomical gift.[5] Thus, the statute does not impinge upon an applicant's right to have his or her body buried intact. It does not even publicize information concerning the physical state of the applicant's body.[6] In short, the statute does not require a driver's license applicant to divulge information which a reasonable person would

C, M, A, or B driver's license under paragraph (2) or (3) of subsection (a) of this Code section shall accompany such application with a license fee as established by the commissioner, not to exceed $8.00, if such applicant executes an anatomical gift pursuant to Code Section 40-5-6.

(3) The department shall make available to those federally designated organ procurement organizations the name, license number, date of birth, and most recent address of any person who obtains a driver's license with the reduced fee provided for in paragraph (2) of this subsection. Information so obtained by such organizations shall be used for the purpose of establishing a state-wide organ donor registry accessible to organ tissue and eye banks authorized to function as such in this state and shall not be further disseminated.

[2] See generally *State of Ga. v. Jackson*, 269 Ga. 308 (1) (496 SE2d 912) (1998) (substantive due process requires that when governmental action infringes upon a fundamental right, the infringement must be narrowly tailored to serve a compelling state interest).

[3] See *Powell v. State*, 270 Ga. 327, 329 (510 SE2d 18) (1998); *Ambles v. State*, 259 Ga. 406, 408 (383 SE2d 555) (1989).

[4] See generally *Cruzan v. Director, MDH*, 497 U. S. 261, 269 (110 SC 2841, 111 LE2d 224) (1990) ("Every human being of adult years and sound mind has a right to determine what shall be done with his own body"); *Zant v. Prevatte*, 248 Ga. 832 (286 SE2d 715) (1982) (by virtue of his right of privacy, individual who is not mentally incompetent can refuse intrusions on his person, even though calculated to save his life).

[5] Barnhill does not contend that his right to privacy was violated simply because he was asked if he wished to be an organ donor at the time he applied for a license. And we note that the statute did not require Barnhill to disclose the reason for his decision.

[6] Compare *King v. State*, 272 Ga. 788, 790 (535 SE2d 492) (2000) (a patient's medical information is a matter which a reasonable person would consider private).

deem to be purely private.[7] Thus, the statute does not impact upon a fundamental right.

2. *Equal protection.* Barnhill also asserts that OCGA § 40-5-25 (d) violates the equal protection clause because persons who do not wish to be organ donors must pay more for a driver's license than persons who are willing to be organ donors. We disagree.

Inasmuch as OCGA § 40-5-25 (d) does not impact upon a fundamental right, and persons who are unwilling to be organ donors are not members of a suspect class, we scrutinize the statute under the rational basis test, the least rigorous level of constitutional scrutiny.[8] This "rational basis test requires that the classification drawn by the legislation be reasonable and not arbitrary, and rest upon some ground of difference having a fair and rational relationship to the legislation's objective, so that all similarly situated persons are treated alike."[9] In the present case, it was reasonable for the General Assembly to conclude that a reduced license fee for potential organ donors will advance the objective of the statute, i.e., to promote and encourage the cause of anatomical gifts.

We note in passing that, contrary to Barnhill's assertion, the statute does not monetarily penalize an applicant who does not want to make an anatomical gift. On the contrary, the statute merely reduces the standard driver's license fee for persons who are willing to be organ donors (from $15 to $8 or less). Thus, persons who are willing to be organ donors are given a small monetary incentive to make that decision in advance of death. But, persons who are unwilling to be organ donors suffer no ill-treatment whatsoever.

The legislature's driver's license fee schedule does not irrationally and unfairly discriminate against similarly situated persons. Barnhill's equal protection challenge is without merit.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment and in Division 1.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED FEBRUARY 7, 2003.

*Charles L. Barrett III, Donald C. Barrett*, for appellant.

---

[7] See id. (right of privacy in purely private matters is derived from natural law) (quoting *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 194 (50 SE 68) (1905)). See also *Thurman v. State*, 861 SW2d 96, 98 (Tex. App. 1993) (medical records are entitled to more privacy than bank and telephone records).

[8] *City of Lilburn v. Sanchez*, 268 Ga. 520 (2) (491 SE2d 353) (1997).

[9] *City of Atlanta v. Watson*, 267 Ga. 185, 187-188 (475 SE2d 896) (1996).

*Thurbert E. Baker, Attorney General, Eugene S. Hatcher, Jr., Assistant Attorney General*, for appellees.