## S03A1220. BELLSOUTH TELECOMMUNICATIONS, INC. v. COBB COUNTY.
### (588 SE2d 704)

FLETCHER, Chief Justice.

Cobb County Code § 106-3 imposes a one-time permit fee on telecommunications companies, including BellSouth Telecommunications, Inc., who apply to use Cobb County's public rights-of-way. BellSouth brought this action to challenge Cobb County's authority to enforce this ordinance and to declare the ordinance unconstitutional. The trial court granted summary judgment to Cobb County, and BellSouth appeals. Because Cobb County has the implied authority to charge the permit fee, and because the ordinance is not unconstitutional, we affirm.

OCGA § 32-4-42 (6) gives Cobb County the authority to "grant permits and establish reasonable regulations for the installation, construction, maintenance, renewal, removal, and relocation of pipes, mains, conduits, cables, [and] wires . . ." on its public roads.[1] It also requires the county to ensure "that the normal operation of the utility does not interfere with the use of the county road system." OCGA § 32-4-42 (10) further provides that the county may "perform all other acts which are necessary, proper, or incidental to the efficient operation and development of the county road system; and this title shall be liberally construed to that end." The trial court held that OCGA § 32-4-42 gives Cobb County the "necessarily implied authority" to charge telecommunications companies a permit fee, and therefore granted Cobb County's motion for summary judgment.

1. It is well settled that a local government's authority to charge fees reasonably related to regulation is implied under its police power.[2] Conversely, the power to impose a tax for revenue-producing

---

[1] Cobb County's regulations cannot be more restrictive than the Georgia Department of Transportation's regulations under OCGA § 32-6-174. See OCGA § 32-4-42 (6).

[2] See *Cotton States Mut. Ins. Co. v. DeKalb County*, 251 Ga. 309, 310 (304 SE2d 386) (1983) ("Appellants concede that DeKalb County possesses authority to impose a license fee for regulatory purposes. . . ."); *Pharr Road Inv. Co. v. City of Atlanta*, 224 Ga. 752, 754 (164 SE2d 803) (1968) ("The petitioner admits that the City of Atlanta has power under its charter to assess a license tax for regulatory purposes. . . ."); see generally *Publix-Lucas Theaters v. City of Brunswick*, 206 Ga. 206, 212-213 (56 SE2d 254) (1949) (discussing license fees issued under the police power and distinguishing them from revenue-producing taxes).

purposes must be conferred by statute.[3] OCGA § 32-4-42 gives Cobb County the express statutory authority to regulate a telecommunications company's installation of lines on the county's rights-of-way. Therefore, Cobb County has the authority to charge BellSouth a permit fee if it is an administrative cost recoupment fee, reasonably related to this regulation, as opposed to a tax intended to produce revenue for the county.

"The distinction between a tax and a license is not one of names but of substance. A tax is primarily intended to produce revenue, while a license is primarily intended for regulation under the police power."[4] It is clear from the record that the permit fees charged by Cobb County are not intended to produce revenue, but are designed to recover the actual costs incurred by the county in its permitting process.

Before implementing its permit fee schedule, Cobb County hired an outside consultant to study the costs that would be incurred by the county in reviewing permit applications. Cobb County instructed the consultant to be conservative in its estimates to ensure that the fees charged would not exceed the costs incurred. Based on historical permit application data, the consultant concluded that a one time fee of $425 per mile of county road used and a $25 permit processing fee would cover the county's personnel and equipment costs related to permit review. It is certainly reasonable for Cobb County to require BellSouth to reimburse it for expenses incurred at BellSouth's request.[5]

BellSouth claims that three prior decisions of this Court preclude the county from charging this permit fee.[6] These cases all involved attempts by DeKalb County to impose an impermissible tax, however, rather than a recoupment fee. In the first case, this Court found that the ordinance was a taxing ordinance because, in addition to a permit fee and a charge per square yard, DeKalb County also

---

[3] See *Commissioners of Chatham County v. Savannah Elec. &c. Co.*, 215 Ga. 636, 637-638 (165 SE2d 293) (1960) ("A county can only exercise the power of taxation as conferred upon it either directly by the Constitution or by the General Assembly. . . . If there is any doubt as to the power of the county to tax in a particular instance, it must be resolved in the negative.").

[4] *Richmond County Business Assn. v. Richmond County*, 224 Ga. 854, 856 (165 SE2d 293) (1968).

[5] See *BellSouth Telecommunications v. City of Mobile*, 171 F. Supp. 2d 1261, 1281 (SD Ala. 2001) (finding recoupment fees similar to those in the present case permissible under the police power and noting that "[i]t is almost inconceivable how a city could manage and regulate the use of its rights-of-way without imposing at least some burden and inconvenience on those seeking to do construction upon them").

[6] *DeKalb County v. Georgia Power Co.*, 249 Ga. 704 (292 SE2d 709) (1982); *DeKalb County v. Atlanta Gas Light Co.*, 230 Ga. 65 (195 SE2d 427) (1973); *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512 (186 SE2d 732) (1972).

required electric and gas companies to pay the county a percentage of their annual revenues and required telephone companies to pay the county a fee for every telephone in service.[7] The second case involved a different challenge to the same ordinance.[8]

In the most recent case, DeKalb County had imposed a franchise fee on power companies using the county's rights-of-way.[9] The Court again found this to be an improper tax, noting that it made no difference whether the county referred to the fee as a "tax, franchise fee, rental fee, or other charge (however designated). . . ."[10] BellSouth interprets the catch-all phrase "or other charge (however designated)" as preventing Cobb County from charging even a regulatory fee. This is an over-broad interpretation, however, because this Court was merely stating that counties cannot impose an impermissible tax by calling it something else. This phrase does not prevent Cobb County from charging BellSouth an entirely different type of fee — a regulatory fee — which we have already shown is permissible if reasonably related to regulation.

2. BellSouth also argues that it is denied equal protection of the law because Cobb County charges telecommunication companies a permit fee but does not charge other utilities, such as gas and electric companies, the same fee. To prove an equal protection violation, BellSouth must show that it is similarly situated to other utilities, and that the county's classification treats these similarly situated entities differently without a rational basis.[11]

Assuming that BellSouth and other utilities are similarly situated, Cobb County has produced evidence that explains why only telecommunications companies are charged the permit fee.[12] First, these companies have applied for a disproportionately high number of permits in recent years. The record shows that since September 1999, 64 percent of the permits to use the county's rights-of-way went to telephone and telecommunications companies, while only 36 percent of those permits went to all other utilities *combined*. The county was required to create a new utility permitting section staffed by three inspectors to meet this increased demand. BellSouth even requested that the county provide more supervision to ensure safe installations.

Second, the numerous installations by telecommunications com-

---

[7] *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. at 512.

[8] *DeKalb County v. Atlanta Gas Light Co.*, 230 Ga. at 66.

[9] *DeKalb County v. Georgia Power Co.*, 249 Ga. at 705.

[10] Id.

[11] See, e.g., *Farley v. State*, 272 Ga. 432, 433 (531 SE2d 100) (2000).

[12] See, e.g., *Barnhill v. State of Ga.*, 276 Ga. 155 (575 SE2d 460) (2003) (no equal protection violation in charging non-organ donors a higher fee to obtain a driver's license because it furthers the state's goal of encouraging organ donations).

panies have caused a disproportionately high amount of damage and disruption in Cobb County. One of the county's supervising engineers cited the problems with the "horizontal boring" method of installing new lines used by telecommunications companies. He detailed "hits" to existing utility lines and underground systems due to such boring, and the resulting disruptions to water and phone service in Cobb County. In comparison, the engineer stated that electric companies generally created less of a disturbance than did telecommunications companies.

The county must adequately supervise installations by telecommunications companies to minimize the risk of damage, disruption, and injury. This creates more expense for the county. Because telecommunications companies are the major cause of this expense, they are charged a permit fee. This provides a rational basis for Cobb County's classification.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*Jones, Day, Reavis & Pogue, G. Lee Garrett, Jr., Meredith E. Mays, John T. Tyler*, for appellant.

*Karen Beyke, Kate R. Berry*, for appellee.

*James F. Grubiak, Kelly J. Pridgen, Arnall, Golden & Gregory, Anne F. Gerry, Mary Josephine L. Volkert, Assistant Attorney General*, amici curiae.